The State ex rel. Sharp v. Weeks.

---

THE STATE *ex rel.* SHARP v. WEEKS *et al., Judges of County Court of Jasper County.*

| 93 | 499, |
| 104 | 628 |
| 93 | 499 |
| 123 | 540 |

1. **Mandamus:** ALTERNATIVE WRIT. A judge of the Supreme Court has authority to issue an alternative writ of mandamus in vacation.

2. ———: PEREMPTORY WRIT. Matters occurring after the issuance of the alternative writ may be successfully pleaded in bar of a peremptory writ.

3. —— : —— : DRAM-SHOP LICENSE. Where, in a mandamus proceeding to compel a county court to grant a dram-shop keeper's license, it appears that, since the issuance of the alternative writ, indictments have been found against the relator for having sold liquor to minors, and for having permitted gambling in his saloon, and which charges are pending and undisposed of in the county court, a peremptory writ will be denied.

## *Mandamus.*

PEREMPTORY WRIT DENIED.

*McReynolds & Halliburton, Harding & Buller* and *W. T. Green* for relator.

(1) The Supreme Court has power to issue writs of *habeas corpus*, mandamus, and other remedial writs, and to hear and determine same. Const. Mo., art. 6, sec. 3. And any judge of the court may issue it in vacation. R. S. 1879, sec. 3254. And the merits of the matter, and the grounds upon which the remedy is sought, must appear in the petition. *State v. St. Louis Circuit Court*, 1 Mo. App. 543; *State v. Governor*, 39 Mo. 388. The action and finding of the county court, that an applicant for dram-shop license has complied with the law in reference to the same, is conclusive. *State v. Evans*, 83 Mo. 319. (2) Where an order of the county court is regular on its face, an answer, setting up that the order was fraudulently obtained, is *dehors* the record, and improper. *State ex rel. v. Weatherby*, 45 Mo. 17. The finding and order of the county court, in this case, eliminates from this case every fact necessary to be passed upon by the court, except fixing the amount of the state and county tax required, and it became their duty to grant relator a license, unless the fact that the city of Carthage had adopted the provisions of the act of April 5, 1887 ( Acts 1887, p. 179 ), is a good and valid reason for refusing the license. (3) The Wood local-option law ( Laws 1887, p. 179 ) is unconstitutional.

*Parker v. Commonwealth,* 6 Burr. (Penn.) 507; *Rice v. Foster,* 4 Harrington (Del.) 479; *Barto v. Himrod,* 8 N. Y. 489; *Bradley v. Baxter,* 15 Barb. (S. S. N. Y.) 122; *State v. Maize,* 4 Ind. 342; *Meshmeir v. State,* 11 Ind. 482; *State v. Swisher,* 17 Tex. 441; *State v. Geebrick,* 5 Ia. 492; *State v. Weir,* 33 Ia. 134; *Ex parte Wall,* 48 Cal. 279; *State v. Field,* 17 Mo. 529; *Lammert v. Lidwell,* 62 Mo. 188; *City of St. Louis v. Alexander,* 23 Mo. 514; *State v. Draper,* 47 Mo. 29.

*T. B. Haughawont* and *W. M. Robinson* for respondents.

(1) A judge of the Supreme Court has no authority to issue a writ of mandamus in vacation. The authority to issue such a writ is, by the constitution, vested in the court alone. (2) The Wood local-option law is constitutional. Cooley on Const. Lim. 190; *State v. Noyce,* 10 Frost, 291; *Dalby v. Wolf,* 14 Ia. 208; *State v. Sims,* 3 Mo. 414; *State v. Morris,* 36 N. J. 422; *Lock's Appeal,* 72 Pa. St. 72; *People v. Collings,* 3 Mich. 343; *State v. Fell,* 42 Md. 71; *Commonwealth v. Weller,* 14 Rush, 215; *People v. Drake,* 15 N. Y. 552; *Caldwell v. Barnett,* 78 Ga. 606. (3) Even if said law is unconstitutional, a peremptory writ of mandamus should not go, in this case, until the county court has had the opportunity to hear and pass on the charges against relator, of selling liquor to minors without consent of the parents, and of using his saloon as a gambling-house.

SHERWOOD, J.—This is an original proceeding in this court, its object being to compel the county court of Jasper county to issue a license to the relator, Sharp, to keep a saloon in the city of Carthage.

I. The alternative writ of mandamus was issued by a member of this court in vacation, returnable to this term. A motion, based on that ground, has been filed to quash the writ. The statute authorizes a judge of

this court to issue such a writ in vacation. R. S., sec. 3254. This statutory provision does not impinge upon section 3, of article 6, of our state constitution. If, however, such a writ should be issued in manner as aforesaid, and the judges of this court should determine that it had been improvidently issued, this might result in the writ being quashed ; but this result would not follow merely because the writ was issued in vacation. The motion to quash, in this instance, is, therefore, denied.

II.   The return of the respondents set forth, among other things, that, " On the fourteenth day of October, 1887, and, after the service of the alternative writ herein, there was filed with the county court of Jasper county, then in regular session, of which said court the defendants are the judges, a certified copy of an indictment found by the grand jury of Jasper county against said R. M. Sharp, the relator, wherein he stands charged with, and indicted for, selling liquor, to-wit, one pint of whiskey, to one Walter Carver, a minor under the age of twenty-one years, without the permission of the parent, guardian, or master of said minor, which said indictment is still pending and undisposed of in the circuit court of Jasper county ; and there was also filed in said county court, of which the defendants are judges, on the fourteenth day of October, 1887, and, after the service of the alternative writ of mandamus herein, a written statement, signed by five responsible and reputable citizens of said city, wherein they charge that R. M. Sharp, the relator herein, has sold liquor to divers minors, without the permission or consent of the parents or guardians of said minors, and that said R. M. Sharp, the relator herein, has permitted card-playing and gambling, for money, to be carried on in his saloon, and said parties are ready and willing to make proof of the charges so made against the relator, and were willing to make said proof on the day said charges were filed ; and the facts so stated and charges preferred by said citizens are still

undisposed of and undetermined by the defendants, the county court of Jasper county, for want of time to hear them before the return day hereof. And the fact, whether said R. M. Sharp, the relator, is a suitable person to whom a dram-shop license should be issued, in view of said charges, has not been determined, and cannot be, until the proof is heard, and the truth or falsity of said charges is established."

It is well settled that facts which ought to forbid the doing of a certain thing required to be done by the alternative writ may arise, after the issuance of such writ, and be as successfully pleaded, as though they had arisen prior to the issuance of such writ. High Extr. Leg. Rem., sec. 475. It would be an abuse of the authority confided to the county court to issue a license in the circumstances mentioned in the return, until such time as the matters herein had been established one way or the other. And it would be an unwise exercise of the powers of this court to issue our mandate to the county court to grant a license until those have been first determined favorably to the relator.

For these reasons, we deny the peremptory writ. All concur.