N. E. EDGERTON et al. v. CHARLES F. KIRBY et al.

(Filed 18 October, 1911.)

1. Mandamus—Road Commissioners—Vacancy—Issue as to Election —Cause Transferred to Term—Interpretation of Statutes.

In a suit for mandamus brought by two members of a board of road commissioners of a township to compel the other two members to meet with them and elect a fifth member to fill a vacancy caused by the resignation of one of them, the pleadings raised an issue as to whether a certain person had been lawfully elected to fill the vacancy by a majority vote at a previous meeting, the plaintiffs contending that the vote was a tie and that the one claimed to have been elected, and who was acting with the defendant commissioners, was a usurper with merely a colorable title:  *Held,* the issues presented a question of fact as to whether the one claiming to have been elected to fill the

vacancy caused by the resignation of the member of the board had received a majority of the votes at the meeting, or whether the vote was a tie, resulting in no election; and an order made by the judge transferring the cause to the Superior Court at term for the trial of the issue joined was correct. Revisal, sec. 824.

2. **Mandamus—Public Officer—Legal Duty—Discretionary Powers.**
    Generally, mandamus will lie to compel a public officer to perform a legal duty as distinguished from a discretionary power, if the legal duty is mandatory.

3. **Mandamus—Extraordinary Remedy—Remedy at Law.**
    Mandamus is an extraordinary remedy, and the writ will not issue except in cases of necessity, where no other adequate remedy is available; and when an issue of fact is raised by the pleadings the determination of which may conclude the matter, the issuance of the writ should in the meanwhile be denied.

4. **Mandamus—Power of Courts—Judicial Discretion—No Other Adequate Remedy.**
    The issuance of the writ of mandamus is within the judicial and not the arbitrary discretion of the court, and where there is a right with no other adequate remedy, this writ should not be denied, if it is the proper remedy.

APPEAL from JOHNSTON, from order of *Peebles, J.,* heard at chambers in Goldsboro, 22 July, 1911.

This is a suit for mandamus to require the defendants, except defendant Green, to meet with the plaintiffs and to elect the seventh member of the Board of Road Commissioners of Selma Township. The complaint alleges that after M.' C. Winston, the seventh member of said board, resigned, the six remaining members met, and there being a tie vote (three voting for defendant Green and three voting for H. E. Earp), the chairman, N. E. Edgerton, being doubtful as to his power to break the tie, the meeting was adjourned. It is further alleged that the three defendant commissioners, thereafter, met with the defendant W. A. Green and undertook to perform the duties of road commissioners of Selma Township, and that the defendant Green has no right or title to said office, being a usurper thereof in palpable disregard of the law; that his holding the same is merely colorable, and that he should be removed from

the office so unlawfully usurped by him. The complaint further demands that the other defendants shall be required by the court to meet at the call of the chairman and elect and induct the seventh commissioner into office, and a prayer accordingly is inserted in the complaint.

The defendants answered the complaint and alleged that the defendant W. A. Green is holding the office of road commissioner of Selma Township; that he was elected at the first meeting of the board, when M. C. Winston resigned, by a vote of three in favor of Green and two in favor of Earp.

The matter came up for hearing before *Hon. R. B. Peebles, judge,* and upon motion of the plaintiffs, under section 824 of the Revisal, to transfer the case to the Superior Court at term for trial of the issues thus joined between the parties, whereupon the following order was entered:

"The court being of the opinion that the whole matter depends upon whether W. A. Green got three votes and his adversary got two votes in the meeting of the Board of Road Commissioners of Selma Township held on 6 May, 1911, the motion of the defendants is denied, and defendants except and appeal to the Supreme Court. Plaintiffs move and request that the issue raised by the pleadings as to the number of votes received by said Green and Earp be submitted to a jury at the next term of the Superior Court of Johnston County, which convenes on 11 September, 1911, upon the pleadings herein filed. This motion is granted, and it is ordered that this action be and the same is hereby transferred to the Superior Court of Johnston County for trial by jury at the September Term, 1911, of said court." Defendant excepted and appealed.

*Aycock & Winston for plaintiff.*
*Abell & Ward for defendant.*

WALKER, J. The order of *Judge Peebles* was correct. There was nothing else for him to do, except what he did, in view of the express provision of the statute, Revisal, sec. 824, requiring the judge, when an issue of fact is raised by the pleadings, to continue the action until it can be tried by a jury upon the

issue thus joined between the parties. Such an issue was plainly and directly raised by the pleadings. Plaintiffs alleged that W. A. Green was never legally elected a member of the board of road commissioners, but is an usurper of that office without the shadow of right or title to it, and they ask that he be so declared and that the three defendant commissioners be required to meet in joint session with plaintiffs and elect the seventh commissioner to fill the vacancy created by the resignation of M. C. Winston, in order that the business of the board may be transacted. Defendant squarely denies the allegation and, on the contrary, avers the truth to be that W. A. Green was duly elected a commissioner by a majority vote and is entitled to hold the office and exercise its functions. This presents a preliminary issue to be determined before we reach the question whether the plaintiffs are entitled to a mandamus for the purpose of compelling the three defendant commissioners to meet with them to elect the seventh commissioner and complete the personnel of the board. If the jury find that W. A. Green was duly and lawfully elected, then there is no necessity for a mandamus, unless he and his codefendants should refuse to meet with the plaintiffs and discharge the duties imposed upon the board by law. We will discuss and decide that question when we come to it, and not prematurely and perhaps unnecessarily. The case of *Rhodes v. Love,* 153 N. C., 468, so much relied on by the appellant, does not, we think, have any present bearing upon the case. Whether it will or not, if the jury find that W. A. Green was not duly elected a member of the board, is a matter upon which we prefer not to express an opinion at this time, for it may become a moot question.

It may be said, generally, that if a public officer fails to perform his legal duty to the public, mandamus will lie to compel him to do so, if it is a mandatory one, but not to control the exercise of a discretion given to him, for it is the nature of a discretion in certain persons that *they* are to judge for themselves, and, therefore, no court can require them to decide in a particular way or review their judgment by way of appeal, or by any proceeding in the nature of an appeal, since the judg-

ment of the persons to whom the discretion is confided by la,w would not then be their own, but that of the court under whose mandate or compulsion they gave it. *Attorney-General v. Justices of Guilford,* 27 N. C., 315; *Barnes v. Commissioners,* 135 N. C., 27. If W. A. Green was not elected, the six members of the board must meet and elect a successor to W. A. Green, and in other respects proceed with the business of the board. "A mandamus lies only for one who has a specific legal right, and who is without any other adequate legal remedy." 1 Chitty Gen. Pr., 790; *S. v. Justices,* 24 N. C., 430. It is an extraordinary remedy, and the court will not grant it unless in a case of necessity. Why should we issue the writ in this case, where the necessity for it may never arise? But how can we determine that the necessity exists, until we hear from the jury and are informed as to the facts? The point, as to when the writ will lie where there is discretion, is sharply accentuated by Tapping in his work on Mandamus, star p. 15, where he says: "The writ does not lie to command the justices to license a victualler to sell ale, notwithstanding it was suggested that the refusal proceeded from a mistaken view of their jurisdiction, and also notwithstanding a very strong case of partiality was made out, for it is a matter entirely within their discretion. The proper course in such a case is to move for a criminal information; nor does it lie to rehear an application for license which they have refused because of a mistaken notion as to the law." As to the power of a court of general jurisdiction to issue a mandamus for the purpose of controlling the discretion of a public officer, the case of *U. S. v. Seaman,* 17 How. (U. S.), 225, and *Gaines v. Thompson,* 7 Wallace, 347, may well be consulted, for they state the doctrine with clearness and accuracy. They deny the power where there is a discretion left to the officer as to how he will perform the duty, and so we have held. It has been said that, in this country, the writ of mandamus has not been regarded as a prerogative one, as in England, according to Blackstone, their great commentator; and yet, even here, it so far partakes of the nature of a prerogative writ that the court has the power to issue or withhold it, according to the sound judgment; and if the writ, in its consequences,

would manifestly be attended with hardship and difficulties, the court may, and even should, refuse it; but this discretion lodged in the court is not an arbitrary one; it is a judicial discretion, and when there is a right, and the law has established no adequate and specific remedy, this writ should not be denied. *Prop. of St. Lukes Church v. Slack,* 7 Cush. (Mass.), 226; Tapping on Mandamus, p. 18. This author says that in no case does the writ lie "to compel a tribunal, judicial or administrative, to render any particular judgment or decision, or to set aside one already rendered, but only to enforce the performance of a ministerial or mandatory duty. The writ is appropriate to compel subordinate courts or bodies (or even individuals, in a restricted class of cases) to proceed and determine matters pending before them and properly within their cognizance or jurisdiction, but it cannot compel them to do that which the law leaves them to decide according to their best judgment and discretion. Tapping, 35, 36. The plaintiff must try other ordinary remedies before he resorts to this unusual writ of compulsion. *Reg. v. R. R.,* 6 Q. B. R., 70 (*Patterson, J.,* one of the greatest of the judges of the King's Bench, delivering the opinion of the Court, in the absence of the *Chief Justice*). It seems that the duty which is asked to be performed must be mandatory, before the court will send out so drastic a writ. It cannot be said, in this case, that every sufficient remedy of the law has been exhausted. In fact, the plaintiff is not even on the threshold of obeying that principle which requires that every other remedy should be tried and that all preliminary questions of fact should be decided before the court will listen to his prayer for this extraordinary writ. It is seldom needed and rarely granted. The citizen must perform his duty to the public, both as a simple member of society and as a public officer, and if he fails in the latter capacity to do what the law requires of him, he cannot only be compelled by mandamus to do his duty, but he is criminally liable for not performing it. Where the law reposes discretion, it excludes the writ of mandamus as a means of controlling it, and leaves it to be exercised freely and untrammeled, save by the injunction that the officer must perform the duty required of him, honestly and fairly.

No error.