STATE OF MISSOURI at the Relation and to the Use of WILLIAM STOECK-ER, Relator, v. LEMAY FERRY SEWER DISTRICT OF ST. LOUIS COUN-TY, SECRETARY-TREASURER OF SAID BOARD OF SUPERVISORS OF SAID DISTRICT, L. A. PRITCHARD, HENRY C. SCHICKE and JOSEPH GLOVER, as Members of the Board of Supervisors of Lemay Ferry Sewer District of St. Louis County, L. A. PRITCHARD, as Secre-tary-Treasurer of Said Board.—61 S. W. (2d) 724.

Division Two, May 18, 1933.

*Ralph, Nolan, Rush & Brown* for relator.

*Herbert E. Bryant* for respondents.

*John E. Mooney, Orla M. Hill* and *George Barnett, amici curiae.*

WESTHUES, C.—This is an original proceeding wherein relator seeks a writ of mandamus to compel a levy, by respondent, supervisors of the Lemay Ferry Sewer District of St. Louis County, Missouri, of a sufficient tax to pay the outstanding obligations of the district. The petition charges that the Lemay Ferry Sewer District was organized under and by virtue of Chapter 65, Revised Statutes 1929. The petition further alleges that respondent, sewer district, through its board of supervisors, employed attorneys and engineers for the purpose of making surveys and assessing benefits and damages as provided for in the act. The relator further pleads that he is the owner of warrants, issued by respondent for engineering services, amounting to $12,140.43; that the total indebtedness incurred by the district is the sum of $63,279.77, exclusive of interest. It is further alleged that a levy of ten cents per square of one hundred square feet was levied by the district as authorized by Section 11037, of Chapter 65, supra; that from the funds, collected in pursuance of that levy, warrants totaling $19,384.88 have been paid, leaving an unpaid balance of $43,894.89; that the total taxes, if all were collected, pursuant to the levy of ten cents, would amount to only $22,269.59; that there are no funds in the treasury of the district available for the payments of the unpaid warrants. The petition then alleges that it was the duty of respondents to levy an additional tax, as provided for in Section 11062 of Chapter 65, supra; that by an act of the Legislature of 1931, page 355, Chapter 65, supra, was repealed; that it became the duty of respondents, under the act, to wind up the affairs of the district and to levy a tax to pay the outstanding unpaid warrants of the district.

Relator and respondents have filed a stipulation submitting the case on the petition, the return and an agreed statement of facts. The return, filed by respondents, admits all of the material allegations of the petition. Respondents' reasons for not making the levy demanded are stated in the return as follows:

"Respondents, for further return, state that they have refused to levy any further tax until such time as the Circuit Court of St. Louis County, Missouri, has determined as to whether or not the estimated cost of the works and improvements in said District exceeds the benefits assessed against the land and other property in said district, and respondents state that if that be determined, then they are obligated to levy a sufficient uniform tax under the provisions of the law

in such cases made and provided to terminate and wind up the affairs of the District by payment of all outstanding obligations.

"Respondents further state that they have failed and refused to levy an additional tax because they do not know whether or not the Act repealing Sections 11031, 11071 provided by the Legislature May 1, 1931, and found at page 355 of the Laws of the State of Missouri for 1931, and which became effective September 14, 1931, is constitutional or unconstitutional, and that there is now pending in this court a suit to determine the legality of said repeal law herein referred to, and that respondents, upon final decision of this court, will duly abide and be guided by the final decision of this court in said cause."

Relator and respondents have filed an agreed statement of facts. In addition to reciting further in detail the material allegations of the petition the agreed statement, so far as material to the issue, contains the following recitals:

"Respondents also admit that, if this court finally overrules the motion for rehearing now pending in the case of State ex rel. Becker v. Wellston Sewer District et al., No. 31656, then, and in that event, the court having declared the constitutionality of the Act of the General Assembly for the year 1931, as the same appears on page 355 of the Session Acts of 1931, it will become the duty of the respondents to wind up the affairs of the respondent District as speedily as possible and that in said process it will be the duty of the respondents to levy and assess an additional sum, or sums, of additional uniform taxes necessary to pay all costs, obligations and expenses incurred in behalf of said District, including the payment in full of all warrants heretofore issued by the District with interest thereon."

The case of State ex rel. Becker et al. v. Wellston Sewer District, 223 Mo. 547, 58 S. W. (2d) 988, referred to in respondents' return and the agreed statement of facts, was decided by the court en banc. The motion for rehearing in that case has been overruled. Relators, as taxpayers of the Wellston Sewer District, sought, by writ of mandamus, to compel the supervisors of the district to proceed with the organization of the district. Relators contended that the Laws of 1931, page 355, repealing Chapter 65, Revised Statutes 1929, under which the sewer districts in that and in this case were created, was unconstitutional. The opinion definitely settled that question. The repealing law was held constitutional. The act, as was pointed out in the opinion, had the same effect upon the sewer districts as a decree of the circuit court entered in pursuance of Section 11062 of Chapter 65, supra, dissolving the incorporation of the district.

In the return of respondents it is stated that respondents are willing to abide by the decision in the Wellston case. In the agreed statement of facts it is stated that, in case the motion for rehearing in

the Wellston case is overruled, it will become the positive duty of respondents to proceed to levy a tax as directed in Section 11062, supra.

By the return and the agreed statement of facts the parties to this case have left this court without any ground upon which to issue a writ of mandamus. Respondents have expressed willingness to abide by the result in the Wellston case. Their refusal to act was not arbitrary or unreasonable. The legality of the law, which granted respondents authority to make the levy sought to be coerced in this proceeding, was, at the time this case was filed, questioned in the Wellston case then pending in this court.

It is a well-settled principle of law that the extraordinary writ of mandamus will not be issued in cases where the parties sought to be coerced into action express a willingness to act. [38 C. J. 553, sec. 24; 18 R. C. L. page 124, sec. 37, note 13.] On this point we desire to quote with approval the following statements of law from the case of People v. Dunne, 258 Ill. 441, 101 N. E. 560, 1. c. 562:

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty which one charged with the duty has refused to perform. The writ can only be issued to compel a party to act when it was his duty to act without it. It confers upon the party against whom it may be issued no new authority, and from its very nature can confer none. [People v. Gilmer, 5 Gilman, 242; City of Ottawa v. People, 48 Ill. 233; People v. Cline, 63 Ill. 394.] If it is the duty of the defendants to do the acts sought to be coerced by the writ, such acts would not be any more valid or legal if done under the command of the court. The office of the writ is to compel action by the unwilling. There must be a refusal to perform the act; and, if a personal right is involved, a refusal must follow a demand. The writ will not issue to compel the doing of an act which the person sought to be coerced admits on the record he is willing to do without coercion. [People v. Dulaney, 96 Ill. 503.]"

The case of American Engineering Co. v. Metropolitan By-Products Co. et al., 280 Fed. 677, was a proceeding, by mandamus, to compel a district judge to enter a decree in conformity with an opinion of a superior court. The court in denying the writ of mandamus said:

"In this case, however, the writ of mandamus will not be issued, and the application therefor will be denied. The refusal to issue it is due to the statement made by the District Judge in the return which he made to the order to show cause in which he informs the court that in entering the decrees as he did he intended to and believed that he had acted in accordance with the opinion of this court. He also informs the court that in the event that it is found that the decrees as entered do not conform to the opinion which the court rendered, and that decrees other than those signed should have been

entered, indicating the change desired, he will forthwith take appropriate action.

"For the reason stated, and for that alone, mandamus is denied."

In the case of Hopkins v. North, 135 Atl. (Md.) 367, 49 A. L. R. 1303, a writ of mandamus was issued, by a lower court, to compel a sheriff to arrest a former prisoner, who had obtained a release before he had served his sentence, on the ground that he was ill. The sheriff was willing to arrest the former prisoner, but refused to do so on the sole ground that he doubted his authority. The Maryland Court of Appeals decided that the sheriff not only had the right to make the arrest, but that it was his duty to do so. However, the writ of mandamus was denied for the reason, as the court stated, "there is no reason to suppose that, if the sheriff is still in office when the mandate in this case is sent down he will not place Whitby in jail." Additional cases in point are Reynolds v. Egan, 48 So. (La.) 764; State ex rel. v. Sunset Telephone & Telegraph Co., 71 Pac. (Wash.) 198; State ex rel. v. Nash, 158 N. W. (Minn.) 730; State ex rel. Sharp v. Weeks et al., 93 Mo. 499, 6 S. W. 266; Diamond Taxi Co. v. Gilliam, 287 S. W. (Ky.) 981.

■ According to the return and the agreed statement of facts in this case the only obstacle, assigned by respondents as preventing them from making the tax levy, has been removed by the decision in the Wellston case. Respondents, by their return, have said that they are willing to abide by that decision. If we were to issue the writ it would not add any force to the tax levy nor adjudicate any question affecting the validity of relator's warrants. The writ will, therefore, be denied.

■ Attorneys, representing taxpayers of the respondent sewer district, by permission of the court, have filed a brief objecting to the granting of the writ. It is urged that respondents, board of supervisors, have levied a tax of ten cents per one hundred square feet as authorized by Section 11037; that Section 11062 does not authorize any levy in excess of the maximum of ten cents provided for by Section 11037, but that any tax levied in pursuance of Section 11062 must be within that limit. That issue was not raised by the respondents' return. This opinion does not validate any tax levy made, or to be made. We will dispose of that question when it is an issue in a case.

■ The costs in this case should be taxed against relator. At the time relator's petition was filed, the Wellston case was pending before the court en banc. Respondents were justified in refusing to levy the tax until that case had been decided. [Diamond Taxi Co. v. Gilliam, supra.] If the court en banc had held the repealing statute unconstitutional, any tax levy made in pursuance of the repealing statute would have been void. The only authority cited in relator's brief in support of the writ is the Wellston case. Relator should

have delayed applying for the extraordinary writ of mandamus until the Wellston case had been decided and thereby given respondents an opportunity to act. The costs are, therefore, assessed against the relator, and the writ denied. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.