STATE *ex rel.* BOARD OF EDUCATIONAL COM'RS *v.* O'BRIEN *et al.*

(*Knoxville,* September Term, 1935.)

Opinion filed July 6, 1936.

GEORGE F. DUGGER, J. MALCOLM SHULL, and HALLIE RINER, all of Elizabethton, for appellants.

M. W. Snell, J. N. Edens, and Guy O. Ferguson, all of Elizabethton, and Sam W. Price, of Johnson City, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a petition for *mandamus* brought on the relation of the board of educational commissioners of Carter county, seeking an order to require the quarterly county court, the members of which are named as defendants, to adopt a school budget.

The petition was filed April 9, 1936, alleging that a proposed school budget had been submitted by the relators to the quarterly county court at its April session, but that body had refused to adopt any school budget at the April term as provided by Code, section 2324, subsection 25. The petition prayed that the chairman be required to call the quarterly county court in special session on the first Monday in June, 1936, and that the members of said court be required to adopt a budget at that time.

Answer was filed by the chairman and majority of the members of the quarterly county court, in which they set out that it was not their intention to fail and refuse to adopt a school budget, that they had not refused to adopt such a budget at the April term, but had merely postponed the adoption of a budget until a subsequent term of the court. It was averred that considerable property in Carter county was inadequately assessed, that it was proposed to raise these assessments, and that the budget and the tax rate for the county could

be more satisfactorily, perhaps more liberally fixed, at a session of the court later than the April session.

The chancellor heard the case and issued a peremptory writ of *mandamus* on May 18, 1936, requiring the quarterly county court to adopt a budget at its July term. From this decree of the chancellor, the quarterly county court took an appeal to this court. Upon the insistence of counsel for relators, rather feebly resisted by counsel for the defendants, we have transferred and advanced the case and heard the same on briefs as one involving public interests.

The chancellor's decree cannot be sustained. He required the county court to adopt a school budget at its July, 1936, term. No proof was taken in the case and the answer of the quarterly county court explicitly denies any intention of ignoring its obligation to adopt a school budget for the ensuing scholastic year. On the contrary, the answer avers an intention on the part of the quarterly county court to discharge that duty as soon as the assessment of property liable for taxation is determined. The answer relates that it has not been the custom in Carter county to adopt a school budget at the April term and that sometimes such budget has been adopted as late as a September term.

In short, the answer shows that there has been no default on the part of the quarterly county court with respect to the duty of fixing a school budget, but merely a delay in the performance of such duty and this delay is justified by reasons satisfactory to that body. We would be slow to reach the conclusion that another court could control the exercise of such discretion on the part of the quarterly county court.

But passing the latter suggestion, it is well settled

that the writ of *mandamus* does not issue to compel the performance of an act which defendants show a willingness to perform without coercion. 38 C. J., 554, 18 R. C. L., 122.

"*Mandamus* is never granted in anticipation of a supposed omission of duty, however strong the presumption that persons whom it is sought to coerce by the writ will refuse to perform their duties when the proper time arise. It is, therefore, incumbent on the relator to show an actual omission on the part of respondent to perform the required act; and since there can be no such omission before the time has arrived for the performance of the duty, the writ will not issue before that time." High on Extraordinary Legal Remedies, sec. 12.

To the same effect, see *State ex rel.* v. *Houston,* 40 La. Ann. 393, 4 So., 50, 8 Am. St. Rep., 532; *State ex rel.* v. *Associated Press,* 159 Mo., 410, 60 S. W., 91, 51 L. R. A., 151, 81 Am. St. Rep., 368; *State ex rel.* v. *District Board,* 162 Wis., 482, 156 N. W., 477, L. R. A., 1916D, 399, Ann. Cas., 1918C, 584.

The principle announced in the foregoing authorities is distinctly recognized by this court in *State ex rel.* v. *Bratton,* 148 Tenn., 174, 183, 253 S. W., 705.

As the case is presented to us, the chancellor has undertaken to *mandamus* the quarterly county court to do a thing at its July, 1936, session which that court has not refused to do, but, on the contrary, indicates a willingness to do.

Under such circumstances, the writ of *mandamus* will not issue and the decree of the chancellor will be reversed and the petition dismissed.