IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1027

Filed 17 June 2026

Iredell County, No. 25JA000003-480

IN THE MATTER OF:

J.Q.

Appeal by respondent-mother from order entered 15 July 2025 by Judge Courtney S. Marlowe in Iredell County District Court. Heard in the Court of Appeals 20 May 2026.

*Lauren Vaughan, for petitioner-appellee Iredell County Department of Social Services.*

*Garron T. Michael, for respondent-appellant Mother.*

*Ellis & Winters, LLP, by James M. Weiss, for guardian ad litem.*

FLOOD, Judge.

Respondent-Mother appeals from the trial court's order removing Jenny[1] from Mother's custody and ceasing reunification efforts. On appeal, Mother argues the trial court failed to hold a permanency planning hearing within the statutorily required timeframe and lacked the authority to cease reunification efforts at a review hearing. Upon careful review, we conclude that, although trial court did fail to timely hold a permanency planning hearing, this was not reversible error. Nonetheless, the trial

---

[1] A pseudonym is used to protect the identity of the minor child. *See* N.C. R. App. P. 42(b)(1) (2025).

court did erroneously cease reunification efforts at a review hearing; thus, we vacate and remand for further proceedings regarding reunification efforts.

## I. Factual and Procedural Background

Mother is the biological mother to Jenny, born 18 October 2010.[2] Iredell County Department of Social Services ("DSS") has been involved with Mother since 2016 due to allegations of domestic violence and substance abuse. In September 2024, after emergency services were called due to Mother consuming two 40-ounce bottles of alcohol, passing out, and hitting her head, Mother agreed to allow Jenny to stay with Jenny's grandmother as a temporary safety provider. Based on Jenny's grandmother's continued concerns regarding Mother's substance abuse and domestic violence, DSS filed a petition on 8 January 2025 alleging Jenny was a neglected juvenile. Since Jenny was staying with her grandmother when DSS filed the petition, DSS did not seek nor obtain nonsecure custody of Jenny.

On 8 April 2025, the trial court held an adjudication and initial disposition hearing. The trial court found Jenny to be a neglected juvenile and ordered legal and physical custody of Jenny to remain with Mother, with Jenny's grandmother having secondary custody. Despite the trial court's ruling as to Jenny's legal and physical custody, the court ordered that Jenny would continue staying with her grandmother, as Mother had previously allowed. The trial court then scheduled a review hearing

---

[2] Jenny's biological father is not a party to this appeal.

for 8 July 2025.

This matter came before the trial court for its first review hearing on 9 July 2025. At this hearing, the trial court concluded that Mother was "not fit and proper to exercise the care, custody, and control of [Jenny]"; DSS no longer needed to make efforts to reunify Jenny with Mother; and that the "best permanent plan for [Jenny] is custody to a relative, and that plan can be implemented at this time." The trial court then ordered that the "permanent plan for [Jenny] shall be custody to [her grandmother]"; "[t]he legal and physical custody of [Jenny] shall be with [her grandmother]"; and that this matter "shall next come on for the first Permanency Planning Hearing . . . in 90 days[.]"

Mother timely appeals from the trial court's order.

## II. Jurisdiction

This Court has jurisdiction to hear Mother's appeal from a district court's order changing legal custody pursuant to N.C.G.S. §§ 7A-27(b), 7B-1001(a)(4), and 7B-1002(4) (2023).

## III. Standard of Review

"When an appellant argues the trial court failed to follow a statutory mandate, the error is preserved, and the issue is a question of law and reviewed *de novo*." *In re J.C.-B.*, 276 N.C. App. 180, 192 (2021). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *In re S.W.*, 298 N.C. App. 39, 44 (2025) (citation omitted).

## IV. <u>Analysis</u>

On appeal, Mother argues the trial court (A) "erroneously removed legal and physical custody from Mother without complying with a statutory mandate" and (B) "ceased all reunification efforts without statutory authorization."[3] We address each argument in turn.

### A. Permanency Planning Hearing Timeliness

Mother first contends "the removal of Jenny from Mother's custody required the trial court to schedule and conduct a permanency planning hearing within thirty days" of that removal, pursuant to N.C.G.S. § 7B-906.1(d)(1a), which the trial court failed to do. Although we agree with Mother that the trial court should have scheduled a permanency planning hearing within thirty days of the review hearing, we conclude the trial court's failure to do so did not prejudice Mother.

Pursuant to the Juvenile Code, there are two types of hearings after the initial dispositional hearing: review hearings and permanency planning hearings. *See*

---

[3] Mother also argues the trial court should have waited twelve months before ceasing reunification efforts, contending she is allowed twelve months to complete her case plan. We decline to review Mother's argument as the portion of the statute Mother cites for the twelve-month timeframe was not added until October 2025, several months after the hearing. *See* An Act to Make Various Changes to the Laws Affecting Juveniles and Associated Services, S.L. 2025-16, § 1.13(a), https://www.ncleg.gov/EnactedLegislation/SessionLaws/PDF/2025-2026/SL2025-16.pdf; *see also* N.C.G.S. § 7B-906.1(d2)(i) (2023) ("The purpose of review hearings is to review the progress of the parent, guardian, or custodian with their court-ordered services. The parent, guardian, or custodian shall (i) complete court-ordered services within 12 months from the date of the filing of the petition . . . ."); *In re Will of Mitchell*, 285 N.C. 77, 79–80 (1974) ("A statute will not be construed to have retroactive effect unless that intent is clearly expressed or arises by necessary implication from its terms.").

N.C.G.S. § 7B-906.1(a) (2023). The hearing designation depends on who has custody after the initial disposition: "If custody has not been removed from a parent, guardian, or custodian at initial disposition, the hearing shall be designated as a review hearing. If custody has been removed from a parent, guardian, or custodian at initial disposition, the hearing shall be designated as a permanency planning hearing." N.C.G.S. § 7B-906.1(a). If, at a review hearing, the juvenile is removed from the custody of a parent, "the court *shall* schedule a permanency planning hearing within 30 days of the review." N.C.G.S. § 7B-906.1(d)(1a) (2023) (emphasis added).

Here, it is not disputed that the trial court failed to schedule a permanency planning hearing within thirty days after legally removing Jenny from Mother's custody at the review hearing. Our Supreme Court has held that, where "the trial court fails to hold a hearing or enter an order as required by statute[,]" "[m]andamus is the proper remedy[.]" *In re T.H.T.,* 362 N.C. 446, 454 (2008). "The writ of mandamus is an order from a court of competent jurisdiction to a board, corporation, inferior court, officer or person commanding the performance of a specified official duty imposed by law[,]" *Sutton v. Figgatt,* 280 N.C. 89, 93 (1971), and "ensures that the trial courts adhere to statutory time frames without the ensuing delay of a lengthy appeal[,]" *In re T.H.T.,* 362 N.C. at 455. "[I]n almost all cases, delay is directly contrary to the best interests of children[.]" *Id.* at 450.

In *In re T.H.T.*, our Supreme Court reviewed a respondent's contention that the trial court's order should be reversed because the trial court failed "to timely enter

the order of adjudication and disposition in violation of the time lines set forth in

N.C.G.S. §§ 7B-807(b) and 7B-905(a)" and failed to hold a hearing "to determine the

cause of delay in entry of the order of adjudication and disposition" in violation of our

statutes. *Id.* at 448. The Court concluded this was not prejudicial error, holding:

> [I]n appeals from adjudicatory and dispositional orders in
> which the alleged error is the trial court's failure to adhere
> to statutory deadlines, such error arises subsequent to the
> hearing and therefore does not affect the integrity of the
> hearing itself. Thus, a new hearing serves no legitimate
> purpose and does not remedy the error. Indeed, a new
> hearing only exacerbates the error and causes further
> delay. Instead, a party seeking recourse for such error
> should petition for writ of mandamus.

*Id.* at 456. In so holding, the Court reasoned that, "[b]ecause the alleged error

occurred after the hearing, and as the three-month delay in entry of the order of

adjudication and disposition cannot be remedied by a new hearing," the trial court

committed no prejudicial error. *Id.* at 457.

Here, because Mother did not file a petition for a writ of mandamus and

because the alleged error occurred after the hearing, such that a new hearing will not

remedy the untimely error, we conclude there is no prejudicial error regarding the

trial court's failure to timely schedule a permanency planning hearing. *See id.* In

concluding this, we are "not unmindful of the difficulties facing a conscientious

district court judge trying to balance a busy trial docket . . . . However, regularly

allowing bureaucratic failure to be the sole cause of delay . . . is anathema to the

principles underlying the Juvenile Code[,]" and we caution litigants to properly use

the remedy of mandamus. *See id.* at 456–57.

**B. Ceasing Reunification Efforts**

Mother next argues the trial court lacked the authority to cease reunification efforts at the review hearing. We agree.

At a review hearing, the trial court "may maintain the juvenile's placement under review or order a different placement, appoint an individual guardian of the person pursuant to [N.C.]G.S. [§] 7B-600," or it may "order any disposition authorized by [N.C.]G.S. [§] 7B-903, including the authority to place the child in the custody of either parent or any relative found by the court to be suitable and found by the court to be in the best interests of the juvenile." N.C.G.S. § 7B-906.1(d1) (2023). The statutes do not authorize the trial court to cease reunification efforts at review hearings, and instead, permit this only at permanency planning hearings. *Compare* N.C.G.S. § 7B-906.1(d1), *with* N.C.G.S. § 7B-906.2(b) (2023).

Because the trial court ceased reunification efforts at a review hearing rather than a permanency planning hearing, we vacate this portion of the order and remand for a permanency planning hearing at which the trial court is to determine whether reunification efforts should be continued and establish an appropriate permanent plan.

**V. Conclusion**

Upon careful review, we conclude that, although trial court failed to timely hold a permanency planning hearing, this was not reversible error. The trial court

also erroneously ceased reunification efforts by doing so at a review hearing. Thus, we affirm in part, vacate in part, and remand.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges COLLINS and WOOD concur.