**Edward PARTON, Appellee,**

v.

**Bill ARMONTROUT, Appellant.**

**Edward PARTON, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

Nos. 89–1306, 89–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1990.

Decided Feb. 12, 1990.

---

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

David L. Coffman, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

The petitioner, Edward Parton, is currently incarcerated and serving a fifty year sentence following a conviction for statutory rape. That conviction was affirmed in *State v. Parton*, 487 S.W.2d 523 (Mo.1972). A subsequent collateral attack on that conviction was denied. *See Parton v. State*, 545 S.W.2d 338 (Mo.Ct.App.1976). On November 7, 1984, the Missouri Board of Probation and Parole (MBPP) cancelled Parton's presumptive release date, which had been set for January 11, 1985. The cancellation was based on Parton's failure to complete Phase II of the Missouri Sexual Offender Program, Mo.Rev.Stat. § 589.040 (MOSOP), which became a requirement for parole for all sex offenders in 1980.

On September 23, 1985, Parton filed this habeas corpus petition challenging the MBPP's actions. The district court,[1] adopted the recommendations of the magistrate[2] and conditionally issued a writ of habeas corpus. The writ was to become final if the respondent failed to provide the petitioner with a hearing regarding the cancellation of his release date. The writ was also conditional on the respondent not requiring the petitioner to complete the MOSOP. The magistrate had found application of the current Missouri parole statute to Parton[3] and requiring Parton to

---

1. The Honorable Stephen L. Limbaugh, United States District Court Judge for the Eastern District of Missouri.

2. The Honorable Carol E. Jackson, United States Magistrate for the Eastern District of Missouri.

3. The magistrate found that the applicable parole statute was Mo.Rev.Stat. § 549.261 (repealed 1982), which made parole mandatory once the Board of Probation and Parole (Board) determined the statutory and regulatory guidelines were met, thus giving rise to a protected liberty interest. *See Williams v. Missouri Bd. of Probation & Parole*, 661 F.2d 697, 699 (8th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982). The current parole statute, section 217.690, does not create any such protected liberty interest in parole, as parole is left entirely up to the discretion of the Board even where the prisoner has fulfilled all statutory and regulatory requirements. *See Gale v. Moore*, 763 F.2d 341, 343 (8th Cir.1985) (per curiam). Thus, if section 549.261 is applicable, cancellation of Parton's presumptive release date without a hearing is impermissible.

complete the MOSOP before he could be eligible for parole, to violate the Ex Post Facto clause of the United States Constitution.

Both parties have appealed. The respondent argues that the magistrate erred in concluding that application of the current Missouri parole statute and the completion requirement of the MOSOP statute to the petitioner, violates the Ex Post Facto clause. In his cross-appeal, Parton argues that the magistrate erred in conditioning the writ of habeas on the respondent providing him with a hearing. He argues a hearing would provide no useful purpose at this point and that he should be released immediately.

After careful review of the briefs and record, we find that the factual findings of the district court are not clearly erroneous and that no error of law appears. Both appeals are denied and the judgment of the district court and recommendation of the magistrate is affirmed. *See* 8th Cir.R. 14.