**Danny Baylis HUSTON, Appellant,**

v.

**Denis DOWD; Dick D. Moore, Cranston J. Mitchell, Appellees.**

**No. 91–1642.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1992.

Decided March 16, 1992.

---

Linda Weatherholt Curtis, Jefferson City, Mo., argued, for appellant.

Stephen D. Hawke, Jefferson City, Mo., argued, for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Danny Baylis Huston appeals from the district court's[1] order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

## I.

Huston, while a Missouri state prisoner, filed a *pro se* petition for habeas corpus relief challenging the actions of the Missouri Board of Probation and Parole (MBPP). Huston alleged that the crimes to which he pleaded guilty were committed on July 19, 1980. He further alleged that the MBPP cancelled his presumptive date of release from prison, July 24, 1989, because of his failure to successfully complete the Missouri Sexual Offender Program, Mo. Rev.Stat. § 589.040 (MSOP). The MSOP became a requirement for parole for all sex offenders on August 13, 1980.

On July 19, 1980, the date on which the crimes were committed, the parole statute in effect was Mo.Rev.Stat. § 549.261 (repealed 1982). This statute mandated parole once the MBPP found that all statutory and regulatory guidelines were met. We determined that the statute created a

protectable liberty interest. *Williams v. Missouri Board of Probation & Parole,* 661 F.2d 697, 699 (8th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982).

Huston argued below that the MBPP denied him equal protection and due process of law when it rescinded his parole date without a hearing. Huston also argued that the retrospective application of the MSOP was an unconstitutional ex post facto law, because the MSOP requirement was not in effect at the time his crimes were committed.

The district court found that Huston had already received a hearing before the MBPP and that, although he had not completed the MSOP, Huston was scheduled to be released by administrative parole on April 4, 1991. (As he acknowledges in his brief, Huston in fact was released on parole on January 29, 1991, and as of November 4, 1991, was residing in his own home under supervised parole.) The district court thus determined that Huston's petition was moot.

On appeal, Huston argues that the district court erred by determining that his habeas corpus claim was moot.

## II.

In *Parton v. Armontrout,* 895 F.2d 1214 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990), we faced a situation involving virtually identical facts. In *Parton,* we held that, because of the liberty interest at stake, a writ of habeas corpus should issue if the MBPP fails to grant a hearing. We also held that the MBPP could not constitutionally require the petitioner to complete the MSOP program as a condition to parole, because the MSOP became a requirement after the date on which the petitioner committed the offense. *Id.* at 1215–16. Therefore, assuming that the MBPP acted improperly in this case, the appropriate relief under *Parton* was the right to a hearing regarding

---

\* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

the cancellation of Huston's release date and freedom from compliance with the MSOP as a condition of parole eligibility.

Huston received his hearing, was not required to complete the MSOP as a condition to the granting of parole, and was released on parole. Because Huston received all the relief he requested from the district court, his petition was properly denied as moot.

The judgment dismissing the petition for writ of habeas corpus is affirmed.