**Thomas J. INGRASSIA, Appellant,**

v.

**James PURKETT, Appellee.**

**No. 92–2015.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1992.
Decided Feb. 17, 1993.

Charles A. Parmenter, St. Louis, MO, argued, for appellant.

Frank A. Jung, Jefferson City, MO, argued (Stephen Hawke, on the brief), for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Thomas J. Ingrassia, a Missouri prisoner incarcerated in the Farmington Correctional Center, appeals the district court's [1] decision denying him habeas corpus relief. He contends the district court erred in: (1) ruling that neither statements made by the chairperson of the Missouri Board of Probation and Parole (the Board) nor his completion of Missouri Sexual Offenders Program (MOSOP) training created a liberty interest in parole, and (2) failing to honor his discovery request for examination of his parole file. We reject these contentions and affirm the district court.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

## I.

Since 1979, Ingrassia has been serving four concurrent twenty-five-year sentences for convictions for rape, sodomy and assault with intent to ravish. During his incarceration, Ingrassia began MOSOP training and completed level I by June of 1982. In July of 1984, Ingrassia completed level III of the MOSOP training. He was not allowed to participate in level II, which was required in order to receive serious parole consideration, until he had a presumptive release date. He completed level II training in January of 1987.

The Board first denied Ingrassia parole in May of 1982. Although Ingrassia received a favorable psychiatric report, the Board denied him parole in 1983 for the following reason:

> Because of the seriousness of the offenses for which you have been convicted and the force used to cause the victims to submit to rape and sodomy, the Board believes that release at this time would depreciate the seriousness of the offenses committed or promote disrespect for the law.

Exhibit I to Exhibit A to Petition for Writ of Habeas Corpus filed April 25, 1990 (Board decision dated 12–5–83).

In May of 1987, the Board denied Ingrassia parole for the following reason:

> Because you have entered a plea of guilty to sexually assaulting 3 female victims over a period of approximately 6 months the Board believes that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the law. The Board also believes that there does not appear to be a reasonable probability at this time that you would live and remain at liberty without again violating the law because you have a prior incarceration for Forcible Rape.

Exhibit A to Exhibit C to Petition for Writ of Habeas Corpus filed April 25, 1990, at 6 (Board decision dated 6–8–87).

The Board later denied Ingrassia parole in 1989 and 1991.

In 1990, Ingrassia filed a petition for a writ of habeas corpus, protesting the 1983 and 1987 denials of parole. A magistrate judge for the United States District Court for the Eastern District of Missouri entered a report, recommending denial of the petition. The district court adopted the magistrate judge's report. Ingrassia appeals, contending statements by the Board chairperson and his completion of MOSOP training created a liberty interest in parole. He further contends the district court erred in denying him access to his parole file.

## II.

Ingrassia alleges that in June and July of 1982, Dick D. Moore, the chairperson of the Board, advised Ingrassia's wife that he intended to parole Ingrassia in May of 1983, upon his continued good conduct and participation in MOSOP training. Ingrassia argues Moore's statements and his participation in MOSOP created a liberty interest in parole.

■ A liberty interest arises if a statute, rule or policy contains "specific substantive predicates" and "explicitly mandatory language." *Hewitt v. Helms,* 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). A statute that lists with specificity the requirements an inmate must satisfy to be paroled by its nature would engender a liberty interest in parole. Under the Missouri statute, however, parole release is "purely discretionary with the Board." *Maggard v. Wyrick,* 800 F.2d 195, 197 (8th Cir.1986).

■ Because the Missouri statutes regarding parole determinations do not specify particular instances in which a prisoner is entitled to parole, but instead give the Board "almost unlimited discretion," they do not create a liberty interest. *Green v. Black,* 755 F.2d 687, 688 (8th Cir.1985). By themselves, neither Moore's statements nor Ingrassia's participation in MOSOP created a liberty interest in parole. Thus, the denial of Ingrassia's parole affected no liberty interest, and the district court was within its discretion in denying habeas relief.

### III.

Next Ingrassia asserts the district court's denial of his request for access to his parole file prevented him from showing he is similarly situated to other prisoners who have been granted parole. He claims he faces a "virtually insurmountable barrier" in making his case and rebutting adverse information. *Williams v. Missouri Bd. of Probation & Parole*, 661 F.2d 697, 700 (8th Cir.1981). Ingrassia concludes that procedural due process requires he be allowed to review his parole file.

Ingrassia has no absolute right to his parole file. When the Board denied Ingrassia parole in 1983 and 1987, it justified its decision by stating that "release at this time would depreciate the seriousness of the offense[s]." Exhibits to Petition for Writ of Habeas Corpus filed April 25, 1990. We have refused disclosure of a parole file in a situation in which parole was denied because "the crime was serious and to grant release at this time would depreciate the seriousness of the crime." *Maggard*, 800 F.2d at 199. No abuse of discretion is shown. Accordingly, the district court did not err in this instance in denying him access to the parole file.

Our determinations here relate to the 1983 and 1987 actions of the Board. The record indicates the Board also denied Ingrassia parole in 1989 and 1991. Should Ingrassia challenge the later denials, nothing in this opinion would preclude a court from granting him access to his file if, within its discretion, the court finds that access would help clarify disputed factual premises or other contested matters in the Board's decisions. In exercising its discretion, the court should review the file to determine the existence of potentially false adverse information. *Maggard*, 800 F.2d at 199 n. 6. Clearly, the court cannot adequately exercise its discretion without first examining the file. *Id.* Should the court discover potentially inaccurate adverse information in the file, it should grant Ingrassia access to permit him to rebut the information.

We affirm the denial of habeas relief, without prejudice to any petition related to subsequent parole hearings.