STATE ex rel. Sam HALEY, Petitioner,

v.

**Mike GROOSE, Superintendent,
J.C.C.C., Respondent.**

No. 74640.

Supreme Court of Missouri,
En Banc.

Feb. 22, 1994.

As Modified on Denial of Rehearing
March 22, 1994.

Rehearing on Modified Opinion
Denied April 26, 1994.

Kenton E. Knickmeyer, St. Louis, for petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara J. Wood, Michael Pritchett, Asst. Attys. Gen., Jefferson City, for respondent.

BENTON, Judge.

On March 5, 1992, Sam Haley, a prisoner at Jefferson City Correctional Center ("JCCC"), filed a petition for a writ of habeas corpus against Michael Groose, the chief administrative officer of JCCC. *Mo. Const. art. V, § 4.* Haley alleges that his detention in protective custody violates the due process clause of the Fourteenth Amendment to the United States Constitution. He requests release from protective custody or, alternatively, transfer to an out-of-state facility.

On June 2, 1992, this Court sustained the petition, appointed counsel, and later named a master to hear Haley's claim. This Court now denies habeas corpus relief but issues a writ of mandamus, ordering Groose to afford Haley the opportunity for a review hearing as required by § 217.375.2 RSMo Supp.1990.[1]

## I.

Most prisoners at JCCC are in the general prison population. Those not in "general population" are in one of two forms of administrative segregation: "protective custody," separating prisoners for their own safety or the safety of others; or pure "administrative segregation," separating prisoners for punitive reasons.

Haley is presently confined in one of the two protective custody units at JCCC. In his unit, Haley has contact only with the other prisoners within the unit, but may leave his cell for employment, meals and recreation. He has no contact with the prisoners in general population, in the other protective custody unit, or in pure administrative segregation. The conditions in protective custody differ from those in general population. For example, employment and recreation are more limited but are available to prisoners in protective custody.

Groose testified that Haley is in protective custody because of an incident when Haley was last in general population. On September 30, 1980, Keith Brown, another prisoner in general population, stabbed Haley 32 times. *See Haley v. Wyrick,* 740 F.2d 12, 13 (8th Cir.1984). Brown is currently in general population at JCCC. Before the master, Groose stated that Brown would influence other inmates in general population to harm Haley. Groose believes that any conflict between Haley and Brown, or those acting for Brown, could also result in injuries to other inmates or correctional officers.

The most recent hearing reviewing Haley's protective custody was December 17, 1991. Haley has not requested review since then.

## II.

Groose contends that habeas corpus is not appropriate for Haley's claims, because Haley is not challenging the legality of his incarceration.

"Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *Rule 91.01; see also § 532.-010 RSMo 1986.* Rule 91 proceedings are limited "to determining the facial validity of confinement." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993).

**1.** All statutory citations are to RSMo Supp.1990, unless otherwise indicated.

As one exception to the *Simmons* doctrine, however, prisoners may obtain habeas corpus review of prison conditions that constitute cruel and unusual punishment. *McIntosh v. Haynes,* 545 S.W.2d 647, 652 (Mo. banc 1977). Because Haley does not allege cruel and unusual punishment, habeas corpus is not available to attack the conditions of his confinement.

Mandamus, not habeas corpus, is the appropriate writ in this case. Mandamus compels performance of an act by one who has a duty to perform it. *State v. Lemay Ferry Sewer Dist.,* 61 S.W.2d 724, 726 (Mo. 1933); *Gould v. Missouri State Bd. of Registration for the Healing Arts,* 841 S.W.2d 288, 290 (Mo.App.1992). Where appropriate, courts may treat a petition for habeas corpus as a petition for mandamus. *See State ex rel. Todd v. Romines,* 806 S.W.2d 690, 691 (Mo. App.1991); *Enke v. Anderson,* 733 S.W.2d 462, 465 (Mo.App.1987).

### III.

Groose contends that because Haley has raised similar claims in several prior cases, collateral estoppel bars the claims in this proceeding. Collateral estoppel bars relitigating issues determined in a prior proceeding. *King General Contractors v. Reorganized Church,* 821 S.W.2d 495, 500 (Mo. banc 1991). Four factors must be considered in deciding whether collateral estoppel applies. First, is the issue in the present case identical to the issue decided in the prior adjudication? Second, did the prior adjudication result in judgment on the merits? Third, is the party against whom collateral estoppel is asserted the same party (or in privity with a party) in the prior adjudication? Finally, did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate the issue in the prior suit? *See id.* at 500; *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719, 721 (Mo. banc 1979).

The issues in this case are not identical to the issues in Haley's prior cases. Haley complains of inadequate review of his detention in protective custody *after* the resolution of the prior cases. Collateral estoppel does not bar Haley's claims.

### IV.

Transferring a prisoner to administrative segregation does not violate the due process protection of the Fourteenth Amendment, unless a statute creates a liberty interest for the prisoner. *Hewitt v. Helms,* 459 U.S. 460, 468, 470–71, 103 S.Ct. 864, 869, 870–71, 74 L.Ed.2d 675 (1983). A state statute creates such a liberty interest if it uses "mandatory language in connection with particularized substantive standards or criteria that significantly guide administrative decisions." *Id.,* 459 U.S. at 472, 103 S.Ct. at 871.

Section 217.375.1 provides:

When an offender is an immediate security risk, or an offender is violent, struggling and creating sufficient disturbance to indicate. he is not in control of himself, or an offender is in urgent need to be separated from others for his own safety or that of others, or for the security and good order of the correctional facility, the chief administrative officer of the correctional facility or his designee *may* immediately place the offender in an administrative segregation unit which shall be situated so that the segregation of such offender from the other offenders of the correctional facility is complete. [emphasis added]

By this statute, the chief administrative officer has *discretion* to place a prisoner in any form of administrative segregation. By not using mandatory language in § 217.375.1, the General Assembly does not give Haley a liberty interest in the initial placement in protective custody. *See Hewitt,* 459 U.S. at 460, 103 S.Ct. at 864. Though Haley makes several attacks on his initial placement, he does not cite a statute giving him a liberty interest.

Haley correctly contends, however, that the General Assembly has given him a right to the review procedure for protective custody. Section 217.375.2 states:

A review hearing *shall* be held for each offender detained in administrative segregation thirty days after the initial period of confinement and every ninety days thereafter. [emphasis added]

By using the mandatory language "shall" in § 217.395.2, the General Assembly has created a right, after a prisoner is transferred to administrative segregation, to a review procedure. Under § 217.375.2, Groose must provide Haley an opportunity for a review hearing every 90 days while he remains in protective custody.

### V.

In the alternative, Haley seeks transfer to an out-of-state institution. Section 217.525 authorizes—but does not require—the director of corrections to transfer inmates to other states. Since no duty exists, mandamus is not appropriate for this claim.

### VI.

Because Haley does not allege that his confinement constitutes cruel and unusual punishment, habeas corpus is not appropriate, and Haley is remanded to the custody of the department of corrections. Haley is entitled, however, to relief by way of mandamus. This Court thus issues a writ of mandamus, ordering Respondent Groose to provide Haley an opportunity for a review hearing every 90 days while detained in protective custody.

All concur.