John KELLY, Appellant,

v.

Tony A. GAMMON, et al., Respondent.

No. WD 50344.

Missouri Court of Appeals, Western District.

July 25, 1995.

John Kelly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and KENNEDY and SMART, JJ.

FENNER, Chief Judge.

John Kelly appeals from the circuit court's denial of his petition for declaratory judgment seeking review of the Missouri Board of Probation and Parole's extension of his early release date. Appellant contends the circuit court erred in denying his petition because (1) application of § 589.040.2, RSMo 1990, which requires successful completion of the Missouri Sexual Offenders Program ("MOSOP") prior to release, violates the prohibition against *ex post facto* laws, (2) the Board improperly extended his presumptive release date without conducting a hearing in violation of due process of the law, and (3) the Board improperly extended his conditional release date without conducting a hearing in violation of due process of the law.[1]

The judgment of the circuit court is affirmed.

On March 30, 1984, John Kelly was convicted in the Circuit Court of St. Louis City of raping his eleven-year old foster daughter. Appellant was sentenced to fifteen years imprisonment.

On September 22, 1987, the Missouri Board of Probation and Parole (the "Board") scheduled appellant to be released from confinement by parole on May 22, 1990. Parole was conditioned upon "good conduct and an acceptable release plan."

On January 22, 1990, the Board canceled appellant's early release date and scheduled him for another parole hearing in May, 1990.

---

1. Appellant's remaining points have not been properly preserved for appellate review because appellant did not cite to legal authority or develop any arguments which support these claims. *See Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978).

The Board canceled appellant's early release date because appellant had several conduct violations following the Board's decision on September 22, 1987, setting the early release date, and because appellant had not completed MOSOP, as required by § 589.040.2, RSMo 1990.[2]

On June 9, 1994, appellant filed a petition for declaratory judgment in the Circuit Court of Randolph County seeking review of the Board's decision extending his early release date. Appellant contended in his petition that; (1) § 589.040.2, which requires successful completion of MOSOP prior to early release, violates the *ex post facto* laws when applied to him because his crimes were committed before the enactment of the statute and the statute operated to his disadvantage, (2) the Board improperly extended his early and conditional release dates without conducting a hearing and in violation of due process of the law, and (3) the Board improperly denied good-time credit based on his failure to complete MOSOP.

The circuit court denied appellant's petition. This appeal followed.

Review is under the standard established by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

Appellant's first point on appeal is that the circuit court erred in denying his petition for declaratory judgment because application of § 589.040.2 to appellant violates the prohibition against *ex post facto* laws. In 1980, the Missouri legislature promulgated § 589.404, RSMo 1986, which established MOSOP. The goal of MOSOP is the "prevention of future sexual assaults by the participants in such programs ..." § 589.040.1, RSMo 1986. The 1980 statute stated that "[a]ll ... [sexual offenders] shall be required to *participate* in the programs." § 589.040.2, RSMo 1986 (emphasis added). In 1990, the Missouri legislature amended § 589.040 to require all inmates *to complete MOSOP in order to be* considered for parole:

2. All sectional references are to RSMo 1990 un-

All persons imprisoned by the department of corrections for sexual assault offenses shall be required to *successfully complete* the programs developed pursuant to subsection 1 of this section.

§ 589.040.2. (emphasis added).

Appellant has participated in MOSOP, but has not successfully completed the program. Appellant argues that the application of the revised statute which requires successful completion of MOSOP prior to release, rather than mere participation, violates the prohibition against *ex post facto* laws because his crime was committed prior to the 1990 revision.

▆ The prohibition against *ex post facto* laws prohibits any law "that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed." *Cooper v. Missouri Bd. of Probation & Parole*, 866 S.W.2d 135, 137–38 (Mo. banc 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2718, 129 L.Ed.2d 843 (1994). *Ex post facto* laws have two elements: They must be retrospective and they must disadvantage the affected offender. *Id.* It is undisputed that application of § 589.040.2 to appellant is retrospective; appellant's crime was committed in 1983, prior to the effective date of the 1990 revision. However, the statute does not disadvantage appellant.

MOSOP is not penal in nature. Rather, it is a rehabilitative program which appellant is required to complete before he is eligible for parole. Failure to complete the program does not add additional punishment, such as an additional sentence, beyond that which has already been imposed upon the sex offender. *Russell v. Eaves*, 722 F.Supp. 558, 559 (E.D.Mo.1989). In fact, application of the requirements of § 589.040.2 to appellant did not result in appellant receiving additional punishment for the crime he committed in 1983. Appellant is still sentenced to fifteen years imprisonment. The only effect of appellant not completing MOSOP has been to extend his possible *early* release date. Because the 1990 amendment to § 589.040.2

less otherwise indicated.

does not impose any additional punishment on appellant, it does not violate the prohibition against *ex post facto* laws.

Moreover, the change in the language of § 589.040.2 only clarified the statute without changing the conditions of parole. Since 1984, the Department of Corrections' regulations have required completion of MOSOP for parole eligibility. *See* 14 C.S.R. 80–2.010(4)(D). Thus, even though the statute stated that sexual offenders must 'participate' in MOSOP, it was construed and applied as requiring completion of MOSOP. Point I is denied.

In his second point, appellant contends that the circuit court erred in denying his motion for declaratory judgment because he was denied his right to due process when the Board postponed his presumptive release date without a hearing. Appellant contends that a liberty interest in parole was created when the Board set his presumptive release date. This liberty interest entitled him to a due process right of notice and an opportunity to be heard before the Board extended his presumptive release date.

■ An inmate does not have a constitutional or inherent right to parole before the expiration of a valid sentence. *Fults v. Missouri Bd. of Probation & Parole*, 857 S.W.2d 388, 392 (Mo.App.1993). However, a state may create a "protected liberty interest in parole through language in statutory or regulatory measures." *Id.* A liberty interest is created where the statute or regulation contains " 'specific substantive predicates' and 'explicitly mandatory language.' " *Ingrassia v. Purkett*, 985 F.2d 987, 988 (8th Cir.1993) (citations omitted).

It is well-established that the Missouri parole statute, § 217.690, RSMo 1994, gives the Board unlimited discretion to make parole determinations and, therefore, does not create a liberty interest protected by due process. *Fults*, 857 S.W.2d at 393; *Ingrassia*, 985 F.2d at 988. Nor is a liberty interest created by the Board's regulations. *Fults*, 857 S.W.2d at 393; *Russell*, 722 F.Supp. at 559–560.

In addition, the mere setting of a presumptive release date does not create a protecta-ble liberty interest because the Board retains its discretion to modify its decision. There is no language in the Missouri statutes or rules which requires the Board to adhere to its presumptive release date. On the contrary, the rules state that Board "may in its discretion" release or parole an inmate. § 217.690.1; *Russell*, 722 F.Supp. at 560. Because "the Missouri statutes regarding parole determinations do not specify particular instances in which a prisoner is entitled to parole, but instead give the Board 'almost unlimited discretion' they do not create a liberty interest." *Ingrassia*, 985 F.2d at 988. Point II is denied.

In his third point, appellant contends that the circuit court erred in denying his motion for declaratory judgment because he was denied his right to due process when the Board postponed his conditional release date without a hearing. This contention is not supported by the record.

Appellant was sentenced to fifteen year's imprisonment on March 30, 1984. Based on appellant's 322 days of jail-time credit, his sentence start date was May 23, 1983. An inmate serving a 15–year–sentence is entitled to conditional release during the last three years of his sentence. § 558.011.4(1)(b). Therefore, appellant's conditional release date would be twelve years after his sentence date, or May 22, 1995. The record reflects that appellant was scheduled for conditional release on May 22, 1995. Thus, appellant's conditional release date was not extended. Point III is denied.

The judgment is affirmed.

All Concur.