82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth KERSEY, Plaintiff-Appellant,
v.
TENNESSEE BOARD OF PAROLES; Charles Traughber; Gayle
Barbee; Ansel McDuffy; Bob Gower; Randall
Chester, Defendants-Appellees.
 No. 95-5870.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Kenneth Kersey appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kersey filed his complaint in the district court alleging that he was denied parole based upon his failure to complete a sex offender treatment program required ex post facto and on the basis of arbitrary reasons. Plaintiff named as defendants the Tennessee Board of Paroles, the Turney Center Prison, and five Tennessee officials in unspecified capacities and sought declaratory and injunctive relief and compensatory and punitive damages. The district court dismissed the complaint without prejudice to plaintiff's right to pursue his claims in a habeas corpus proceeding under 28 U.S.C. § 2254 and certified that an appeal would not be taken in good faith. The district court denied a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. Plaintiff filed a timely notice of appeal, and this court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff contends that his claims are cognizable under § 1983.
 
 
 4
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under § 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." Id. Here, plaintiff's complaint was properly dismissed as frivolous.
 
 
 5
 First, plaintiff's claims for compensatory and punitive damages and plaintiff's claims for declaratory and injunctive relief against the defendant state agencies are without a basis in law. The defendant state agencies enjoy immunity under the Eleventh Amendment from suit for money damages and declaratory and injunctive relief. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 62-71 (1989); Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 472-73 (1987). In addition, the defendant state officials are not "persons" subject to suit for money damages under § 1983 in their official capacities. See Will, 491 U.S. at 70-71. Because plaintiff did not specify the capacities in which he sued the defendant state officials, he is presumed to have sued them in their official capacities only. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Accordingly, plaintiff's claims for money damages and for declaratory and injunctive relief with respect to the defendant state agencies are without basis in law. The district court did not abuse its discretion in dismissing these claims as frivolous.
 
 
 6
 The defendant state officials can be sued for declaratory and injunctive relief in their official capacities. See Thiokol Corp. v. Department of Treasury, State of Mich., Rev. Div., 987 F.2d 376, 381 (6th Cir.1993). Moreover, courts have recognized that allegedly unconstitutional parole procedures may be challenged under § 1983 insofar as plaintiff is not directly seeking an accelerated release from prison. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir.1995) (per curiam); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), cert. denied, 116 S.Ct. 736 (1996); Herrera v. Harkins, 949 F.2d 1096, 1097-98 (10th Cir.1991). Under certain circumstances, the requirement that a prisoner participate in a sex offender treatment program as a prerequisite to parole consideration may implicate the Ex Post Facto Clause. See Parton v. Armontrout, 895 F.2d 1214, 1215-16 (8th Cir.) (per curiam), cert. denied, 498 U.S. 879 (1990). Plaintiff, however, fails to allege any of the facts necessary to support such a claim.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation