**Richard SHAW, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al., Respondents.**

No. WD 53244.

Missouri Court of Appeals, Western District.

Feb. 4, 1997.

Richard Shaw, Jefferson City, pro se.

Jeremiah Nixon, Attorney General, Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondents.

Before ULRICH, C.J., P.J., BERREY and SMART, JJ.

BERREY, Judge.

Richard Shaw appeals from the denial of his petition for declaratory judgment. Appellant contends the circuit court erred in denying his petition because the Missouri Board of Probation and Parole ("Board") failed to adhere to its own regulations under 14 CSR 80–2.010 when it declined to grant appellant parole. In so arguing, appellant alleges that the Board violated his due process rights. Finding appellant's arguments to be without merit, we affirm.

After being found guilty, appellant was sentenced to twenty-five years imprisonment. The Board first denied appellant parole in January, 1994 stating that "[appellant's] release at this time would depreciate the seri-

ousness of the offense committed and/or promote disrespect for the law." In January, 1996 the Board again denied appellant parole for the following reason:

> Because you were convicted of offenses in which you, while acting with another, robbed two separate victims at gunpoint, the Board believes that your release at this time would depreciate the seriousness of the offenses committed and/or promote disrespect for the law. Therefore, the Board in its discretion has determined to schedule another personal parole hearing in January, 1998.

On August 19, 1996, the Cole County Circuit Court found no abuse of discretion by the Board and denied appellant's petition for declaratory judgment. This appeal followed.

The circuit court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We note that we have examined appellant's *pro se* brief with care and have attempted to comprehend his arguments in order to render meaningful appellate review.

Missouri law provides that when the Board determines that "there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board may in its discretion release or parole such person...." § 217.690.1, RSMo 1994. Under this statute, a prisoner has "no justifiable expectation of release, giving the Board 'almost unlimited discretion' in whether to grant parole release." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135 (Mo. banc 1995) (quoting *Ingrassia v. Purkett*, 985 F.2d 987, 988 (8th Cir.1993)). This statute, accordingly, does not create a liberty interest in parole. *Id.*

Appellant concedes that there can be no liberty interest in parole under § 217.690. He instead argues that the Board's application of the regulations pertaining to parole eligibility and hearings under 14 CSR 80–

2.010 did violate his due process rights. He contends that he became eligible for parole release consideration on March 25, 1995, more than one year after his first parole hearing.[1] He additionally contends that March 25, 1998, will be the guideline date for parole release, which will occur several months after his next scheduled parole hearing. According to appellant, the Board violated 14 CSR 80–2.010 by denying him release on parole *before* the parole guideline release date. More specifically, appellant argues that the Board should not have used the same statutory and regulatory language in denying appellant parole release before the guideline release date passed. We disagree.

The regulations set forth in 14 CSR 80–2.010 do not limit the broad scope of discretion given the Board by § 217.690. The reason cited by the Board in denying parole following both parole hearings was proper. *Cavallaro*, 908 S.W.2d at 136 (seriousness of offense is valid reason for denial of parole release); *See* 14 CSR 80–2.010(9).

Appellant also alleges that the Board failed to consider his institutional adjustment and program progress following his second parole hearing as required by 14 CSR 80–2.010(1). According to appellant, the Board's failure in this respect constitutes an *ex post facto* violation. Because appellant has not shown that the Board's decision either altered the definition of his crime or increased his punishment, we disagree. *Cavallaro*, 908 S.W.2d at 136. Point denied.

We find that appellant has failed to establish that the Board acted inconsistent with the parole regulations. The circuit court's denial of appellant's petition for declaratory judgment is affirmed.

All concur.

---

1. 14 CSR 80–2.010(4)(G) provides that inmates convicted of class A and B offenses do not become eligible for parole until one-third of the maximum sentence has been served.