STATE of Missouri, ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,

v.

The Honorable James E. PENNOYER Associate Circuit Judge, St. Francois County and Shirley Williford, Circuit Clerk, Respondents.

No. ED 78534.

Missouri Court of Appeals, Eastern District, Division Six.

Nov. 28, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for relator.

Horace W. Bonner, Farmington, pro se, for petitioner.

ROBERT G. DOWD, Jr., Presiding Judge.

This is an original proceeding in certiorari to review the issuance of a writ of habeas corpus by the Circuit Court of St. Francois County. We quash the circuit court record.

On October 9, 1973, Horace W. Bonner pleaded guilty and was sentenced to the Missouri Department of Corrections for two counts of second degree murder, assault with intent to kill and forcible rape. Bonner was sentenced to three concurrent 35–year terms for the two counts of murder and the assault with intent to kill and a consecutive five-year term for the forcible rape. Bonner began serving these terms and was released from the 35–year term on March 26, 1999. He then began serving the five-year term. Bonner has been scheduled for release from the five-year term on December 26, 2001.

Bonner filed a writ of habeas corpus with the St. Francois County Circuit Court claiming he was being held illegally because (1) he was not given credit for good behavior which would have legally entitled him to have been released when seven-twelfths of his 35–year sentence had been served, and (2) he should not be required to complete the Missouri Sex Offender Program (MOSOP) because the requirement was not in effect when he was sentenced in 1973. On September 4, 2000, the circuit court granted Bonner's petition for habeas corpus. By writ of certiorari, the Attorney General seeks review of the granting of Bonner's writ of habeas corpus. Respondent stayed the writ of habeas corpus pending the resolution of this writ proceeding.

The Attorney General argues the circuit court erred in granting the writ of habeas

corpus because (1) Bonner did not present evidence he was recommended for seven-twelfths commutation and had multiple conduct violations making him ineligible for nine-twelfths release and (2) MOSOP is a rehabilitative program and not an ex post facto law. We agree.

■ In Bonner's first point in his petition for writ of habeas corpus, he complained he was being held illegally because he was not given credit for good behavior which would have legally entitled him to be released when seven-twelfths of his sentence had been served. Bonner argues that if he had been given proper credit on his 35–year sentence he should have been released on May 26, 1993. Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint. Rule 91.01(b); Section 532.010, RSMo 1994. Bonner claims he is being illegally held because his 35 year sentence should have been reduced so that his five-year term would have commenced sooner and would now be over.

■ We find Bonner was not entitled to an early release date based on his good time credits. Bonner claims he is entitled to nonstatutory seven-twelfths good time credits that are described in "former Missouri Department of Probation and Parole Rule 20–117–060" in effect at the time of his sentencing. We note that a copy of this Rule was not provided to this court and we have been unable to locate it. We assume the seven-twelfths rule is as stated by Bonner and by the circuit court in its order because it has not been contested by the Attorney General. The rule, as stated to us, provides for nonstatutory good time credits. We find, however, that the grant of nonstatutory good time has always been and continues to be a form of commutation under the governor's constitutional power to grant pardons or commutations. *Parrish v. Wyrick*, 589 S.W.2d 74, 78 (Mo.App. W.D.1979). The power of commutation is a matter of grace resting purely within the discretion of the governor. *Id.* Early re-

lease based on nonstatutory good time credits is not a vested right. The amount of time awarded shall be used as a criteria for recommendation for commutation of sentence by the Governor, but is in no way binding on the Governor. *Id.* Moreover, Bonner agrees the Rule expired in 1982, before he had served seven-twelfths of his sentence.

We find Bonner at no time had a vested right to the seven-twelfths good time credits he had accumulated as they were nonstatutory good time credits.

■ Bonner is also not entitled to nine-twelfths good time credits that were also in effect at the time of his sentencing. Section 216.355, RSMo 1969, stated:

Any person who is now or may hereafter be confined in any institution within the division and who shall serve three-fourths of the time for which he was sentenced in an orderly and peaceable manner, without having *any* infraction of the rules or laws of the institution recorded against him, shall be discharged in the same manner as if he had served the full time for which sentenced. In such case no pardon from the governor is required.

(emphasis added). We find Bonner did not serve his time in an orderly and peaceable manner. Prior to 1993, Bonner had 45 conduct violations that would have affected his good time credits. These violations included sexual misconduct, disobeying orders, destroying property, possessing dangerous contraband, theft, giving false information, fighting and threatening. We find his time has not been served in a peaceable and orderly manner without *any* infraction which would entitle him to early release under the statute that was in effect at the time of his sentencing.

The Attorney General also claims the trial court erred in finding that Bonner is not required to complete the Missouri Sex Offender Program (MOSOP) because the requirement was not in effect when he was

sentenced in 1973. Bonner argues the MOSOP is an ex post facto law and he should not have to fulfill this requirement for release.

Bonner was terminated from MOSOP on June 21, 2000 for unexcused absences. Following his termination from this program, a tentatively scheduled parole date of December 26, 2000 was extended to December 26, 2001. He argues the MOSOP requirement is an ex post facto law.

We first address the threshold issue of whether habeas corpus is the appropriate remedy in this case. Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint. Rule 91.01(b); Section 532.010, RSMo 1994. Rule 91 proceedings are limited to determining the facial validity of confinement. *State ex rel. Haley v. Groose,* 873 S.W.2d 221, 222 (Mo. banc 1994). Section 532.010 states:

> Every person committed, detained, confined or restrained of his liberty, within this state, for any criminal or supposed criminal matter, or under any pretense whatsoever, *except when, according to the provisions of this chapter, such person can be neither discharged nor bailed, or otherwise relieved,* may prosecute a writ of habeas corpus as herein provided, to inquire into the cause of such confinement or restraint.

(emphasis added) Bonner, in this point, is not requesting immediate relief from his current confinement; he is requesting release on some future date. He is not seeking to be immediately discharged or bailed or otherwise relieved at this time. We find Bonner is being lawfully restrained at least until his original release date of December 26, 2000. A complaint before the original release date should be made in a declaratory judgment action, *see Goings v. Missouri Department of Corrections,* 6 S.W.3d 906 (Mo. banc 1999), or in a writ of mandamus not as raised here in a writ of habeas corpus. Mandamus compels performance of an act by one who has a duty to perform it. *State ex rel. Haley,* 873 S.W.2d at 223. Where appropriate, courts may treat a petition for habeas corpus as a petition for mandamus. *Id.*

Even if Bonner's claims were properly made in a petition for mandamus, we find this court has previously declared the additional requirement of the MOSOP is not an ex post facto law. The current version of MOSOP was enacted in 1990. Section 589.040, RSMo 1994, requires all inmates to complete MOSOP in order to be considered for parole. Section 589.040.2, RSMo 1994, states: "All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section." The prohibition against ex post facto laws prohibits any law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed. *Kelly v. Gammon,* 903 S.W.2d 248, 250 (Mo.App.W.D.1995). Ex post facto laws have two elements: They must be retrospective and they must disadvantage the affected offender. *Id.* It is undisputed that application of Section 589 .040.2, RSMo 1994, to Bonner is retrospective; Bonner was sentenced in 1973, prior to the effective date of the 1990 statute. However, the statute does not disadvantage Bonner.

MOSOP is not penal in nature. *Id.* Rather it is a rehabilitative program which Bonner is required to complete before he is eligible for parole. *Id.* Failure to complete the program does not add additional punishment, such as an additional sentence, beyond that which has already been imposed upon the sex offender. *Id.* In fact, application of the requirements of Section 589.040.2, RSMo 1994, to Bonner did not result in Bonner receiving additional punishment for the crime for which he was sentenced in 1973. Bonner is still sentenced to five years imprisonment for rape. The only effect of Bonner not completing MOSOP has been to extend his

possible early release date. Because the Section 589.040.2, RSMo 1994, does not impose any additional punishment on Bonner, it does not violate the prohibition against ex post facto laws.

The decision of the circuit court granting habeas corpus is reversed and the record in the St. Francois County Circuit Court, Cause No. CV500–370–CC, is quashed.

AHRENS, J., and SULLIVAN, J., concur.