STATE of Missouri, ex rel. Jeremiah
W. (Jay) NIXON, Attorney
General, Relator,

v.

Honorable James E. PENNOYER, Associate Circuit Judge, St. Francois County and Shirley Williford, Circuit Clerk, St. Francois County, Respondents.

No. ED 78800.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Jan. 16, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2001.

Stephen D. Hawke, Asst. Atty. Gen., Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for Relator.

David A. Martin, Farmington, pro se, for respondent.

SULLIVAN, Presiding Judge.

This is an original proceeding in certiorari to review the issuance of a writ of habeas corpus by the Circuit Court of St. Francois County. We reverse the decision of the circuit court granting habeas corpus and quash the record in the circuit court.

On April 13, 1983, David Allen Martin (Martin) pleaded guilty to assault first degree, sodomy, burglary first degree, armed criminal action, and two counts of felony forcible rape. Martin was sentenced to a concurrent ten year sentence for the assault first degree offense and one of the felony forcible rape offenses, a consecutive ten year sentence for the other felony forcible rape offense, a consecutive five year sentence for the sodomy offense, a concurrent five year sentence for the burglary first degree offense, and a concurrent three year sentence for the armed criminal action offense, for a combined sentence of twenty-five years imprisonment.

Martin had a conditional release date of February 27, 2000. However, on October 27, 1999, the Missouri Board of Probation and Parole extended Martin's conditional release date to October 27, 2001 because of Martin's failure to complete the Missouri Sex Offender Program (MOSOP).[1] Martin filed a Petition for Declaratory Judgment and Injunctive Relief Pursuant to Rules 87 and 92 with the Circuit Court of St. Francois County, which the circuit court construed as a petition for writ of habeas corpus. The circuit court granted the petition on October 4, 2000.

The circuit court found that Martin's conditional release date should not have been extended because of his failure to complete the MOSOP because Martin "has a protected liberty interest in the parole statute [Section 549.261 RSMo] in effect at the time of his sentencing." The circuit court further found that the requirement of completion of the MOSOP is an ex post facto application of the MOSOP statute.

By writ of certiorari, the Attorney General seeks review of the granting of Martin's writ of habeas corpus. The Attorney General argues that the circuit court erred in finding that Martin is not required to complete the MOSOP and in granting the writ of habeas corpus because the MOSOP is a rehabilitative program and not an ex post facto law.

∎ We addressed this issue in a recent opinion, *State ex rel. Nixon v. Pennoyer,* 36 S.W.3d 767 (Mo.App. E.D.2000), involving the same Respondent who issued a writ of habeas corpus a month prior to the one at issue here. 36 S.W.3d at 768–69. We quote from that opinion, as we find it dispositive of the case at bar.

[W]e find this court has previously declared the additional requirement of the MOSOP is not an ex post facto law. The current version of MOSOP was enacted in 1990. Section 589.040, RSMo 1994, requires all inmates to complete MOSOP in order to be considered for parole.[2] Section 589.040.2, RSMo 1994, states: All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section. The prohibition against ex post facto laws prohibits any law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed. *Kelly v. Gammon,* 903 S.W.2d 248, 250 (Mo.App.E.D.[W.D. ]1995). Ex post facto laws have two elements: They must be retrospective

---

1. On September 28, 1999, Martin was removed from the MOSOP because he had been placed in disciplinary segregation for the conduct violation of fighting.

2. Previously, Section 589.040.2 only required participation, not completion.

and they must disadvantage the affected offender. *Id.* It is undisputed that application of Section 589.040.2, RSMo 1994, to [Martin] is retrospective; [Martin] was sentenced in [1983], prior to the effective date of the 1990 statute. However, the statute does not disadvantage [Martin].

MOSOP is not penal in nature. *Id.* Rather, it is a rehabilitative program which [Martin] is required to complete before he is eligible for parole. *Id.* Failure to complete the program does not add additional punishment, such as an additional sentence, beyond that which has already been imposed upon the sex offender. *Id.* In fact, application of the requirements of Section 589.040.2, RSMo 1994, to [Martin] did not result in [Martin] receiving additional punishment for the crime[s] for which he was sentenced in [1983]. [Martin] is still sentenced to [a combined sentence of twenty-five years imprisonment]. The only effect of [Martin] not completing MOSOP has been to extend his possible early release date. Because the Section 589.040.2, RSMo 1994, does not impose any additional punishment on [Martin], it does not violate the prohibition against ex post facto laws.

36 S.W.3d at 770–71.

The circuit court also found that *Parton v. Armontrout,* 895 F.2d 1214 (8th Cir.1990), "prohibits the denying of parole eligibility or the canceling of a previously set conditional release date solely on the basis of the failure to complete the MOSOP program if the inmate has a protected liberty interest by reason of the application of section 549.261 RSMo., at the time of his sentencing." The circuit court's reliance on *Parton* is misplaced, as Section 549.261 was repealed in 1982,[3] prior to Martin's sentencing.

Accordingly, the decision of the circuit court granting habeas corpus is reversed

and the record in the Circuit Court of St. Francois County, Cause No. CV500–123CC(P), is quashed.[4]

JAMES R. DOWD and RICHARD B. TEITELMAN, JJ., concur.

---

3. *See Parton,* 895 F.2d at 1216 n. 3.

4. Martin's Motion to Dismiss and/or Quash Writ of Certiorari is denied.